UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 17-cv-80572-MARRA/MATTHEWMAN

MICHAEL IBEZIM,

    Plaintiff,

v.

GEO GROUP, INC.,
a Florida Corporation,

    Defendant.

_____/



## **ORDER GRANTING DEFENDANT'S MOTION TO COMPEL [DE 13]**

**THIS CAUSE** is before the Court upon Defendant, The GEO Group, Inc.'s ("Defendant") Motion to Compel Plaintiff to Respond to Defendant's First Set of Interrogatories and Request for Production of Documents ("Motion") [DE 13]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 10. After Plaintiff, Michael Ibezim ("Plaintiff"), failed to file a timely response to the Motion pursuant to the Court's Order Setting Discovery Procedure [DE 11], the Court issued an Order to Show Cause [DE 14]. Plaintiff responded to the Order to Show Cause [DE 15], and Defendant has filed a reply [DE 17]. The matter is now ripe for review. The Court has determined that no hearing is necessary on the pending motion. The Court has carefully considered the filings and attachments thereto, as well as the entire docket in this case.

## **MOTION, RESPONSE, AND REPLY**

In the Motion, Defendant asserts that its First Set of Interrogatories and First Request for Production of Documents were served on June 28, 2017. [DE 13, p. 1]. Plaintiff failed to

1

timely respond to the discovery requests even after Defendant attempted to resolve the matter without court intervention. *Id.* at p. 3. Defendant seeks an Order compelling Plaintiff to respond to the discovery, without any objections, as well as an award of attorney's fees and costs that were incurred in connection with this discovery dispute. *Id.*

In Plaintiffs' [sic] Production to Defendants [sic] Motion to Compel Plaintiff to Respond to Defendant's First Set of Interrogatories and Request for Production of Documents [DE 15], which was filed in response to the Court's Order to Show Cause, Plaintiff first lists several paragraphs of boilerplate objections to the discovery requests. [DE 15, pp. 1-5]. Despite the fact that there is a pending motion to dismiss [DE 5] in this case, Plaintiff then requests that that Court find Defendant "in default or alternative [sic] to compel the Defendant to file an answer to the Responding Plaintiff's complaint." *Id.* at p. 6. Plaintiff next represents that Plaintiff's counsel notified Defendant's counsel that Plaintiff's counsel had a death in the family, and Defendant's counsel agreed to an extension for serving discovery responses and sent Plaintiff's counsel a sympathetic email on July 13, 2017, before the discovery response deadline of July 28, 2017. *Id.* Attached to Plaintiff's response to the Order to Show Cause are Plaintiff's interrogatory responses [DE 15-1], the Affidavit of Michael Ibezim [DE 15-2], and documents that Plaintiff believes are responsive to requests for production # 1, 2, 3, 6, and 7 [DE 15-3].

In reply, Defendant first contends that, while counsel for the parties did discuss an extension of the deadlines to file initial disclosures after there was a death in Plaintiff's counsel's family, Plaintiff never requested that discovery be stayed. [DE 17, p. 1]. Defendant next argues that Plaintiff's response to the Order to Show Cause "does not provide any cause as to why Plaintiff's Motion to compel should not be granted or as to why sanctions pursuant to Rule 37 sanctions [sic] should not be imposed against Plaintiff and/or his counsel." *Id.* at p. 2.

2

Defendant also asserts that Plaintiff's response contains general objections that are legally insufficient and have been waived. *Id.* Defendant argues that Plaintiff's request for a default against Defendant is improper and should not be granted. *Id.* at p. 3. Finally, Defendant contends that, since Plaintiff has not provided written responses to Defendant's Request for Production of Documents, Defendant is "unsure as to what discovery requests the documents produced respond to or whether Plaintiff is withholding documents that are responsive to its requests." *Id.* Defendant requests that the Court enter an Order "deeming all of Plaintiff's objections waived", "requiring Defendant to provide written responses to Defendant's Requests for Production of Documents", and "awarding Defendant the attorney's fees and costs incurred for having to file a Motion to Compel to obtain discovery requests." *Id.* at p. 4.

## ANALYSIS

First, Plaintiff's request for a default against Defendant is improper. In fact, it is frivolous. A response to an Order to Show Cause pertaining to a motion to compel is not the proper avenue for requesting a default. Moreover, Defendant has filed a pending motion to dismiss, so it is not required to file an answer to the complaint at this point. Plaintiff has wasted the time of the Court and of opposing counsel on that issue.

Second, it appears that Plaintiff has misrepresented that the parties agreed to a stay of discovery or an extension of the discovery response deadline when they did not. The email dated July 13, 2017, and submitted as an exhibit by both parties, simply confirms the "parties' stipulation to have their initial disclosures" due by July 21, 2017. Moreover, only the Court can stay discovery, and it has not done so.

Third, the Court's Order to Show Cause [DE 14] was only issued after Plaintiff and Plaintiff's counsel were dilatory in responding to Defendant's Motion. The Order to Show Cause

3

required Plaintiff to show cause why Defendant's Motion should not be granted and why Rule 37(a)(5)(A) sanctions should not be granted upon Plaintiff and Plaintiff's counsel. However, Plaintiff's response to the Order to Show Cause contains improper boilerplate objections that have been waived by Plaintiff due to the fact that he untimely responded to discovery. The first six pages of Plaintiff's seven-page response do not respond to the Order to Show Cause, but rather assert a hodgepodge of general boilerplate objections which the Court rejects. The last two pages of the response request that Defendant's motion to dismiss be denied and that a default be entered against Defendant, or, alternatively, that Defendant be compelled to answer Plaintiff's complaint. Such a response to the Court's Order to Show Cause and Defendant's Motion is simply nonsensical. The Southern District of Florida does not recognize boilerplate objections. *Ackner v. PNC Bank*, case no. 16-cv-81648-Marra/Matthewman, 2017 WL 2294588, at *1, n. 1 (S.D. Fla. May 15, 2017); *Sream, Inc. v. Hassan Hakim & Sarwar, Inc.*, case no. 16-CV081600-Marra/Matthewman, 2017 WL 878704, at *1 (S.D. Fla. Mar. 6, 2017). Plaintiff has failed to properly, fully, and timely respond to Defendant's discovery requests. In fact, Plaintiff did not respond to Defendant's discovery until the Court was forced to issue an Order to Show Cause after Plaintiff failed to timely respond to Defendant's Motion.

Fourth, Plaintiff's belated discovery responses appear to be incomplete. Plaintiff attached some documents to his response to the Order to Show Cause, but it is unclear which documents are responsive to which requests for production and whether Plaintiff has withheld any responsive documents.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Compel Plaintiff to Respond to Defendant's First Set of Interrogatories and Request for Production of Documents [DE 13] is **GRANTED**.

4

2. On or before **October 10, 2017**, Plaintiff shall serve upon Defendant revised and complete responses to Defendant's First Set of Interrogatories. The revised interrogatory responses shall not include any objections, boilerplate or otherwise, as all of Plaintiff's objections have been waived.

3. On or before **October 10, 2017**, Plaintiff shall serve upon Defendant a written response to Defendant's First Request for Production of Documents that fully and completely states whether Plaintiff has any documents in his possession, custody or control responsive to each request for production and whether he is producing documents responsive to each request for production. Plaintiff shall also be required to provide Defendant with all documents responsive to all of the requests for production on or before **October 10, 2017**, and list them by Bates stamp number. If Plaintiff withholds any documents on the basis of privilege, he shall serve Defendant with a detailed privilege log in compliance with the Local Rules.[1]

4. Defendant's request for an award of attorney's fees and costs against Plaintiff and his counsel is GRANTED. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Plaintiff and his counsel shall pay Defendant for attorney's fees expended by Defendant's counsel in filing and litigating Defendant's Motion to Compel [DE 13]. Counsel for Defendant shall file, on or before **October 6, 2017**, a memorandum that addresses the hourly rate of counsel, the time expended, the amount of reasonable attorney's fees and costs that Defendant incurred in drafting and arguing the Motion to Compel, reply [DE 17], and reviewing Plaintiff's response, as well as any costs

---

[1] If Plaintiff makes any assertion of privilege, the Court will determine at a later date whether or not such claim of privilege has been waived.

incurred. Defendant may attach an affidavit or affidavits regarding its attorney's fees and costs incurred if it wishes to do so. Plaintiff shall then have until on or before **October 13, 2017,** to file a memorandum responding and/or objecting to the amount of attorney's fees and costs sought by Defendant, including the hourly rate of counsel and time claimed to have been expended by Defendant's counsel on this matter. Thereafter, the Court will determine the amount of attorney's fees to be paid by Plaintiff and his counsel to Defendant and enter a further Order directing such payment.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of September, 2017.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge