UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-cv-80572-MARRA/MATTHEWMAN

MICHAEL IBEZIM,

    Plaintiff,

v.

GEO GROUP, INC.,

    Defendant.
_____/

FILED by ___ D.C.
DEC 27 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER [DEs 49, 50]

**THIS CAUSE** is before the Court upon Plaintiff, Michael Ibezim's ("Plaintiff") Motion to Reconsider Order Granting ATD Mediation & Arbitration P.A.'s Motion to Compel Plaintiff's Payment of Mediation Fee and for Fees and Costs ("Motion") [DEs 49, 50]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 45. Plaintiff seeks reconsideration of the Court's prior Order Granting ATD Mediation & Arbitration P.A.'s Motion to Compel Plaintiff's Payment of Mediation Fee and for Fees and Costs [DE 48], dated December 6, 2018. Non-party, ATD Mediation & Arbitration P.A. has filed a response [DE 52], and Plaintiff has filed a reply [DE 53]. The matter is now ripe for review.

### I.    BACKGROUND

The relevant facts of the case are as follows. On June 15, 2017, the Court entered a Scheduling Order and Order Referring Case to Mediation [DE 10]. The parties selected Laura Bonn, Esq., of ATD to mediate this matter on May 29, 2018. *See* DE 31. The mediation was completed on May 29, 2018. *See* DE 32. ATD prepared mediation bills for both Plaintiff's and Defendant's counsel. *See* DE 44-1. Each party was charged $675.00. *Id.* According

1

to ATD, Defendant paid its portion of the mediation bill, but Plaintiff did not pay his portion of the mediation bill. [DE 44, p. 2]. ATD made seven attempts to collect on the unpaid invoice. *Id.*

ATD was forced to retain counsel to pursue collection of the unpaid bill. [DE 44, p. 2]. ATD's counsel sent Plaintiff's counsel email correspondence on October 30, 2018, advising that, if payment was received by November 5, 2018, ATD's counsel would waive his attorney's fees. *Id.* Plaintiff's counsel did not respond to the email correspondence. *Id.*

ATD's notice of mediation states that, if a dispute arises between the parties over the mediator's fees, the mediator is entitled to recover from the parties, and their counsel and law firm, jointly and severally, his or her fees at the hourly rate of $400. [DE 44, pp. 2-3]. The agreement further provides for a 12% per annum interest rate for any invoice that is more than 10 days overdue. *Id.* at p. 3.

On November 14, 2018, ATD filed a Motion to Compel Plaintiff's Payment of Mediation Fee and for Fees in Costs [DE 44], seeking an award of $675 for the unpaid mediation fee, additional interest in the amount of $37.73, and $2,040 in attorney's fees. ATD filed its motion to compel with this Court pursuant to Local Rule 16.2(b)(7). *Id.* at p. 4. The response to the motion was due on November 28, 2018. When no response was timely filed, the Court entered an Order on December 6, 2018, granting ATD's motion to compel and requiring Plaintiff and/or Plaintiff's counsel to pay ATD $2,757.83 on or before December 21, 2018. [DE 48, p. 3]. This amount included Plaintiff's portion of the mediation bill ($675), $42.83 in interest, and $2,040 in attorney's fees. *Id.* The Court specifically found in the Order that the attorney's fees requested were reasonable and that ATD was entitled to all of the relief sought. *Id.* at pp. 2-3.

A. **Plaintiff's Motion for Reconsideration**

On December 12, 2018, Plaintiff filed his Motion for Reconsideration [DEs 49, 50]. Plaintiff first explains that his counsel properly filed a Notice of Unavailability from November 9, 2018, to November 26, 2018, with the Eleventh Circuit, but that counsel did not believe it was necessary to file the Notice of Unavailability in this court as well since nothing was pending in the case. *Id.* at p. 1. Plaintiff further explains that his counsel was in Nigeria from November 12, 2018, through November 24, 2018, and the flight itinerary is attached to the Motion. *Id.* at pp. 1-2. Plaintiff contends that his counsel offered to pay Plaintiff's portion of the mediation bill immediately after the mediation, but was told that the bill would be mailed. *Id.* at p. 2. Plaintiff concedes that his attorney owes ATD $712.73 (the mediation fees plus interest), as well as reasonable attorney's fees, but Plaintiff argues that the attorney's fees claimed by ATD are excessive because ATD's counsel "did not spend five hours on this case." *Id.* Plaintiff claims that ATD's counsel only communicated once with Plaintiff's counsel. *Id.*

B. **ATD's Response**

In response, ATD first argues that Plaintiff has not provided any basis for reconsideration of the Court's Order. [DE 52, pp. 3-5]. ATD next argues that Plaintiff has failed to challenge any of the specific time entries submitted by its counsel. *Id.* at pp. 5-6. ATD contends that Plaintiff's Motion fails to comply with Local Rules 7.1(a)(1) and 7.1(a)(3) in that it does not include a memorandum of law and Plaintiff failed to confer with the opposing party prior to the filing of the Motion. *Id.* at p. 6. ATD additionally asserts that each of Plaintiff's arguments in favor of reconsideration is without merit. *Id.* at pp. 1-3. Finally, ATD seeks an additional $1,200 in attorney's fees incurred in filing its response to the Motion. *Id.* at p. 7.

### C. Plaintiff's Reply

In reply, Plaintiff again emphasizes that he agrees that he is responsible for $712.73 in mediation costs and interest. [DE 53, p. 1]. Plaintiff only takes issues with the fees claimed by ATD's counsel. *Id.* Plaintiff argues that ATD's counsel claims to have spent two hours on researching case law at a rate of $400 per hour, and that "[a]ny reasonable mind can clearly see four hundred dollars per hour is excessive for an attorney to charge for researching case laws [sic]. Mediator's Attorney has only been practicing for 11 years which makes his request for 400 dollars per hour for doing research unreasonable." *Id.* at pp.1-2. Plaintiff next argues that his counsel only received two emails from ATD in the last six months and that one email arrived while Plaintiff's counsel was out of the country. *Id.* at p. 2. Finally, Plaintiff again contends that his counsel had no time to confer on the matter because counsel was in Nigeria and that counsel properly filed a Notice of Unavailability with the Eleventh Circuit. *Id.*

## II. ANALYSIS

In order to prevail on a motion for reconsideration, the moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros.*, 485 F.Supp.2d 1340, 1343 (S.D. Fla. 2007) (quoting *Socialist Workers Party v. Leahy,* 957 F.Supp. 1262, 1263 (S.D. Fla. 1997)). The three grounds warranting reconsideration that courts have articulated are: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *Id.; see also Dude v. Cong. Plaza, LLC*, No. 17-80522-CIV, 2018 WL 2291308, at *1 (S.D. Fla. May 18, 2018), *reconsideration denied,* No. 17-80522-CIV, 2018

WL 3432714 (S.D. Fla. July 16, 2018).

Here, there is clearly no change in controlling law, and the Plaintiff has not established clear error or manifest injustice or shown the availability of new evidence that would in any way impact the Court's prior Order. In his Motion, Plaintiff first relies on the fact that he filed a Notice of Unavailability as a basis for reconsideration. However, he filed the Notice in the Eleventh Circuit, not in this District. Moreover, Notices of Unavailability have no effect in this District and are not provided for in the Local Rules.

Plaintiff has additionally attached to the Motion a flight itinerary establishing that his counsel was out of the country from November 12, 2018, through November 24, 2018. However, the response to ATD's Motion to Compel [DE 44] was due on November 28, 2018. Further, the Court's Order granting ATD's motion to compel was not entered until December 6, 2018. [DE 48]. Plaintiff's counsel therefore still had time to respond to the motion, or seek an extension, after he returned to the United States.

Finally, in ATD's motion to compel, ATD explained that it tried to contact Plaintiff on seven occasions to pay the outstanding mediation invoice. [DE 44, p. 2]. Plaintiff has not disputed that these attempts to collect occurred. There is simply no excuse for Plaintiff ignoring ATD numerous times on a matter he could have easily resolved by contacting ATD and paying the amount due. Plaintiff also acknowledges that his counsel received an email from ATD's counsel before Plaintiff's counsel left for Nigeria. [DE 53, p. 2]. However, Plaintiff has not provided any explanation for why his counsel did not respond to said email. Plaintiff seems to argue that, because he offered to pay the mediator on the day of the mediation, he should not be punished for not paying the mediation bill later on. This argument is nonsensical. The Court did not only grant ATD's motion to compel on the basis that Plaintiff failed to file a

response to the motion, but also on the merits of the motion to compel itself. *See* DE 48, p. 3. Plaintiff has not in any way established that the facts underlying the motion to compel have changed. In fact, it is clear to the Court that both Plaintiff and Plaintiff's counsel, Emelike Nwosuocha, Esq., have been dilatory, evasive, and uncooperative regarding Plaintiff's obligation to pay the mediation fees and costs.

Plaintiff further disputes the fact that ATD's counsel spent five hours on the collection matter. [DE 49, p. 2]. Plaintiff simply contends that "Mediator's Attorney only communicated once with Plaintiff's Attorney. This shows Mediator's Attorney did not spend five hours as claimed on this case." *Id.* However, Plaintiff provides no support whatsoever for his argument that the time billed was unreasonable. The Court previously found that the five hours claimed for reviewing the filing and docket, drafting email correspondence to Plaintiff's counsel regarding settlement of the outstanding bill, drafting the motion to compel, researching case law, and drafting the proposed order was reasonable. [DE 48, p. 2, n. 1]. In his reply, Plaintiff also objects to ATD's counsel's hourly rate of $400. However, the parties had previously agreed to an hourly rate of $400 if a dispute arose over the mediator's fee requiring the mediator to file court papers. *See* DE 31, p. 2. The Court also finds such an hourly rate to be reasonable in this case. In sum, Plaintiff has not provided any basis for the Court to reconsider the attorney's fees.

The Court finds that Plaintiff's Motion is due to be denied on the merits. The Court additionally denies Plaintiff's Motion due to Plaintiff's violation of the Local Rules. Specifically, the Court notes that Plaintiff failed to confer with ATD before filing his Motion. Failure to certify conferral under Local Rule 7.1(a)(3) is grounds for denial of a motion. *See* L.R. 7.1(a)(3) ("Failure to comply with the requirements of this Local Rule may be

cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee."); *see also Incardone v. Royal Carribean Cruises, Ltd.*, No. 16-20924-CIV, 2018 WL 6520934, at *4 (S.D. Fla. Dec. 11, 2018).

The final issue for the Court's consideration is whether ADT is entitled to an additional $1,200 in attorney's fees incurred researching case law and drafting a response to Plaintiff's Motion. At this juncture, the Court will not award these additional attorney's fees to ATD. However, the Court reserves jurisdiction on this issue and will reconsider awarding additional attorney's fees if Plaintiff fails to abide by this Order.

### III. CONCLUSION

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion [DEs 49, 50] is **DENIED**.
2. The Court's December 7, 2018 Order [DE 48] remains in full force and effect.
3. Plaintiff Michael Ibezim and Plaintiff's counsel Emelike Nwosuocha, Esq. and the law firm of Emelike Nwosuocha, P.A, are jointly and severally liable to ATD Mediation & Arbitration P.A. in the amount of $2,757.83.
4. Full payment shall be made to Daniel T. Feld P.A. Client Trust Account on or before **January 14, 2019**.
5. If Plaintiff and/or Plaintiff's counsel fail to make payment in full by **January 14, 2019**, ATD may file a motion for entry of judgment against Plaintiff and Plaintiff's counsel and/or for any further relief.
6. **PLAINTIFF AND PLAINTIFF'S COUNSEL ARE HEREBY ADVISED THAT,**

**IF THEY FAIL TO FULLY COMPLY WITH THIS ORDER AND FAIL TO PAY THE MEDIATION COSTS AND ATTORNEY'S FEES AS ORDERED BY THIS COURT, A JUDGMENT MAY BE ENTERED AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL, CONTEMPT PROCEEDINGS MAY BE INSTITUTED AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL, AND PLAINTIFF AND PLAINTIFF'S COUNSEL MAY BE FOUND IN CONTEMPT OF COURT. ADDITIONALLY, FURTHER SANCTIONS MAY BE IMPOSED UPON PLAINTIFF AND PLAINTIFF'S COUNSEL, INCLUDING BUT NOT LIMITED TO A FURTHER AWARD OF COSTS AND ATTORNEY'S FEES.**

7. The Court reserves jurisdiction to determine fees and costs expended by ATD as noted above and as to collection of the amount due and collection of any judgment which may be entered.

8. The Clerk of Court is DIRECTED to mail a copy of this Order to Daniel T. Feld, Esq., Daniel T. Feld, P.A., 2847 Hollywood Blvd., Hollywood, Florida 33020.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of December, 2018.

WILLIAM MATTHEWMAN
United States Magistrate Judge