UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80572-CIV-MARRA

MICHAEL IBEZIM,

       Plaintiff,

vs.

GEO GROUP, INC.,
a Florida corporation,

       Defendant.

_____/

## ORDER GRANTING MOTION FOR ENTRY OF FINAL JUDGMENT

THIS CAUSE is before the Court upon ATD Mediation and Arbitration P.A.'s

Motion for Entry of Final Judgment [DE 55] ("Motion").  The Motion is fully briefed

and ripe for review.  The Court has carefully considered the Motion, response, and

reply, and is otherwise fully advised in the premises.

In accordance with this Court's Orders,[1] and Fed. R. Civ. P. 58, ATD Mediation

& Arbitration P.A. ("ATD") moves for a judgment in its favor and against Plaintiff

Michael Ibezim and Plaintiff's counsel Emelike Nwosuocha and the Law Firm of

Emelike Nwosuocha, P.A., jointly and severally, for a total of $6,557.83.  This total

consists of the previously awarded $2,757.83 (*see* DE 48 at, ¶ 2), as well as for $1,200

---

[1] *See* DE 48, ¶ 4: "If Plaintiff and/or Plaintiff's counsel fail to make payment by December 21, 2018, ATD may file a motion for entry of judgment against Plaintiff and Plaintiff's counsel and/or for any further relief;" DE 54, ¶ 5: "If Plaintiff and/or Plaintiff's counsel fail to make payment in full by January 14, 2019, ATD may file a motion for entry of judgment against Plaintiff and Plaintiff's counsel and/or for any further relief."

in attorneys' fees for filing a Response to Plaintiff's Motion for Reconsideration (3 hours, *see* DE 52-1), $1,400 based upon 3.5 hours in drafting the Motion for Judgment, and $1,200 based upon 3 hours of researching and drafting a Reply to the Motion for Judgment.

On December 7, 2018, in the Order Granting ATD's Motion to Compel Plaintiff's Payment of Mediation Fee and for Fees and Costs, the Court warned: lf Plaintiff and/or Plaintiff's counsel FAIL TO PAY THE MEDIATION COSTS AND ATTORNEY'S FEES AS ORDERED BY THIS COURT [$2,757.83 by December 21, 2018], A JUDGMENT MAY BE ENTERED AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL, CONTEMPT PROCEEDINGS MAY BE INSTITUTED AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL, AND PLAINTIFF AND PLAINTIFF'S COUNSEL MAY BE FOUND IN CONTEMPT OF COURT. ADDITIONALLY, FURTHER SANCTIONS MAY BE IMPOSED UPON PLAINTIFF AND PLAINTIFF'S COUNSEL, INCLUDING BUT NOT LIMITED TO A FURTHER AWARD OF COSTS AND ATTORNEY'S FEES. DE 48, ¶ 5 (emphasis in original). On December 12, 2018, without conferring with counsel for ATD in violation of the Local Rules,[2] Plaintiff filed a Motion for Reconsideration.

On December 27, 2018, the Court denied Plaintiff's Motion for Reconsideration and required Plaintiff and Plaintiff's counsel to make the full payment of $2,757.83 by January 14, 2019. The Court once again emphatically warned: PLAINTIFF AND

---

[2] *See*, DE 54 at 6-7.

PLAINTIFF'S COUNSEL ARE HEREBY ADVISED THAT IF THEY FAIL TO FULLY COMPLY WITH THIS ORDER AND FAIL TO PAY THE MEDIATION COSTS AND ATTORNEY'S FEES AS ORDERED BY THIS COURT, A JUDGMENT MAY BE ENTERED AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL, CONTEMPT PROCEEDINGS MAY BE INSTITUTED AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL, AND PLAINTIFF AND PLAINTIFF'S COUNSEL MAY BE FOUND IN CONTEMPT OF COURT.  ADDITIONALLY, FURTHER SANCTIONS MAY BE IMPOSED UPON PLAINTIFF AND PLAINTIFF'S COUNSEL, INCLUDING BUT NOT LIMITED TO A FURTHER AWARD OF COSTS AND ATTORNEY'S FEES.  DE 54, ¶ 6 (emphasis in original).  The Court reserved jurisdiction to determine further fees and costs expended by ATD, specifically including ATD's request for the previously denied $1,200 in attorney fees associated with drafting a response to Plaintiff's Motion for Reconsideration.  DE 54, ¶ 7.

As of the filing of the instant Motion, ATD has not received payment from Plaintiff or Plaintiff's counsel in violation of the above cited Court Orders.  Now ATD seeks the previously denied $1,200 in attorney fees associated with drafting a response to Plaintiff's Motion for Reconsideration, $1,400 based upon 3.5 hours in drafting the instant Motion for Judgment, and $1,200 based on 3 hours for researching and drafting a Reply to the instant Motion for Judgment.  ATD further notes that since Plaintiff and Plaintiff's counsel have not voluntarily elected to pay the underlying mediation invoice or comply with the Court's Orders, it is clear that ATD's counsel will need to spend additional attorney time in collection of said judgment.

"Therefore, pursuant to DE 48 paragraph 6 and DE 54 paragraph 7, and in line with ATD's Notice of Mediation (DE 31), ATD requests that the Court find that ATD is entitled to their fees spent in collection of the judgment and for said amount to be determined by the Court upon collection of the judgment."  DE 55, ¶ 13.  Lastly, pursuant to ATD's Notice of Mediation (DE 31), ATD requests that the final judgment contain a 12% annual interest rate on the entire judgment.[3]

Plaintiff and Plaintiff's counsel agree and concede the following facts in their response (DE 56):

♦   The Court's most recent Order required them to make payment by January 14, 2019.

♦   They were aware of the deadline and failed to make payment.

♦   Plaintiff's counsel was responsible for payment of the mediation bill.

Plaintiff's counsel asserts two reasons for why he and his client failed to comply with the Court's Orders:

1.   Counsel "is preparing to file a notice of hearing" "to [seek] justif[ication]" for the award, because a "mediation bill of [$]650 turning into $2,757.83 is excessive."  DE 56, ¶¶ 1, 2, 6.

---

[3]  ATD's mediation agreement provides for a 12% per annum interest rate for any invoice that is more than 10 days overdue.  DE 44 at 3.  As far as finding Plaintiff's counsel in contempt, ATD states that it "does not opine on whether the Court should proceed with said contempt proceedings at this time, but believes the elements for contempt would be met if the Court elected to do so."  DE 55, ¶ 12.

This argument is without merit for any number of reasons, including the fact that notices of hearing (as are notices of unavailability) have no effect in federal court. *See, e.g.*, S.D.L.R. 7.1(b)(1). Curiously, Plaintiff's counsel never followed through and requested a hearing. Had he done so, the request would have been denied, seeing that his Motion for Reconsideration had already been fully briefed and denied in an eight page Order. *See* DE 54. Counsel does not address why he did not simply file an appeal.

2.      Plaintiff again raises his previously rejected argument that he filed a Notice of Unavailability in the Eleventh Circuit, but not with this Court, because "he believed no further action will take place in the District Court while he was out of the country and the case was already in appeal with the Eleventh Circuit court." DE 56 at 2.

As Judge Matthewman noted, pursuant to the flight itinerary Plaintiff's counsel attached to his Motion for Reconsideration, counsel had already returned to the United States before a response to the Motion to Compel was due. Therefore, there was still time to respond to the motion, or seek an extension of time to respond, after his return. DE 54 at 5. Moreover, as this Court already elaborated upon in its Order Granting Motion to Tax Costs *in this case*, a pending appeal does not inhibit or restrict this Court from ruling on motions for fees or costs. *See* DE 46 signed November 16, 2018. Plaintiff's Response completely fails to address the main issue in ATD's Motion altogether, and neither of these proffered explanations support denial

of the instant Motion.[4]

Plaintiff's counsel fails to address the additional fees requested by ATD.  ATD requests that the Court award the previously denied $1,200 in attorney fees associated with drafting a response to Plaintiff's Motion for Reconsideration, as well as an additional $1,400 for drafting ATD's Motion for Judgment and $1,200 for drafting its Reply.

The parties had previously agreed to an hourly rate of $400 if a dispute arose over the mediator's fee requiring the mediator to file court papers.  DE 31 at 2.  In addition, the Magistrate Judge confirmed such an hourly rate was reasonable.  DE 54 at 6.  To the extent Plaintiff challenges the time spent drafting the various filings, ATD has filed the attorney fee ledgers and Plaintiff's counsel could have addressed any of those fee requests in his Response.  Yet despite complaining about the fees, Plaintiff's counsel has not lodged a specific objection to a single fee request.  As stated by this Court:

> When responding to motions for attorney's fees, opponents are required to lodge specific objections to any requests. *See Barnes*, 168 F. 3d at 427 (stating that objections from fee opponents must be specific and "reasonably precise"); *Norman,* 836 F. 2d at 1301 ("[a]s the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should the objections from fee

---

[4]  Plaintiff's counsel also notes that he wrote a response to the instant Motion "to avoid filing a notice of appeal to save time and money for both parties."  DE 56 at ¶ 7.  If Plaintiff's counsel was interested in saving the parties time and money, he should have avoided filing his meritless Response and made payment in accordance with the Court's Orders.

opponents.")  Failing to lodge specific objections is generally deemed fatal.  *See, e.g., Gray v. Lockheed Aeronautical Sys. Co.*, 125 F. 3d 1387, 1389 (11th Cir. 1997); *Scelta v. Delicatessen Support Srvcs. Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002).

*Woliner v. Sofronsky,* 18-CV-8030, 2019 WL 163340, at *3 (S.D. Fla. 2019) (emphasis added).

Plaintiff and Plaintiff's counsel were twice warned that failure to pay the mediation costs and attorney's fees would result in further sanctions being levied against them.  They offer no plausible explanation for their failure to comply with these two prior Court Orders.  The attorney fees that ATD continues to incur is a direct result of Plaintiff's conduct.  This is a classic case wherein a party cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the opposing party in response.  *Procaps S.A. v. Patheon Inc.*, 12-CV-24356, 2013 WL 6238647, at *5 (S.D. Fla. 2013) citing *City of Riverside v. Rivera*, 477 U.S. 561, 580 n.11 (1986).  The enforcement of the mediation fee and subsequent attorney's fees has been an unnecessary and expensive exercise for ATD, and a waste of judicial resources.  Counsel has acted unprofessionally and with a surprising ignorance of the Local Rules.[5]

---

[5]  *See* DE 33 (failure to comply with S.D.L.R. 7.1(c)(1)(A) and 56.1), DE 52 addressing Plaintiff's failure to include a memorandum of law in his motion and by failing to confer with the opposing party prior to the filing of his Motion for Reconsideration in violation of 7.1(a)(1) and 7.1(a)(3); and DE 57-1 - violating S.D.L.R. 7.7 by emailing a letter to the undersigned.  Counsel is advised to study the Local Rules if he wishes to continue practicing before this Court.

Despite Plaintiff's failure to lodge any specific objection, the Court may utilize its own expertise and judgment to determine a reasonable fee and cost award. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988). With that in mind, the Court finds the time spent drafting the instant Motion for Judgment (3.5 hours), the time spent drafting the Reply (3 hours), and the time spent drafting a Response to Plaintiff's Motion for Reconsideration (3 hours) to be reasonable.  At the agreed and reasonable rate of $400 per hour, the Court will award ATD $3,800 for its attorney's fee relative to these filings.

It is axiomatic that the Court has the authority to enforce its own Orders and the Local Rules and require Plaintiff and Plaintiff's counsel to pay the outstanding mediation bill as well as additional fees for failing to pay the mediation bill in a timely matter.  *See e.g., Slater v. Erin Capital Mgmt.*, LLC, No. 17-61300-CIV, 2017 WL 6498110, at *1 (S.D. Fla. Dec. 18, 2017) (holding Defendants and their counsel, jointly and severally liable for mediation and attorney fees); *Edge Sys. LLC v. Aguila*, 2016 WL 4063830 (S.D. Fla. Mar. 31, 2016) (order compelling Defendant to pay his share of the mediation bill); *Stevenson v. Orlando's Auto Specialists, Inc.*, 2008 WL 2445573, at *4 (M.D. Fla. June 16, 2008) (awarding $2,000 mediation cancellation fee and $325 in attorney's fees against Defendant's counsel for failing to appear at mediation); *Jackson v. Hobart Enterprises, Inc.*, 2008 WL 2439345, at *1 (M.D. Fla. June 13, 2008) (granting Mediator's Motion to Compel payment of mediation fee, striking Defendant's Answer and entering a default against Defendant for failure to

respond to Order to Show Cause in conjunction with Mediator's Motion to Compel

payment).  The Court provided that ATD may move for final judgment against

Plaintiff and Plaintiff's counsel, and for any further relief.  Accordingly, for good

cause shown, it is hereby

ORDERED AND ADJUDGED that ATD Mediation and Arbitration P.A.'s Motion for

Entry of Final Judgment [DE 55] is granted in part and denied in part.  The Motion is

granted in all respects except the Court denies ATD's request that it be awarded its

fees spent in collection of the judgment, and denies ATD's request that interest at

12% be applied to the entire judgment.  Twelve percent is applicable to Plaintiff's

mediation fee only.  Interest on the attorney's fees will be according to 28 U.S.C.A.

§ 1961.  Judgment will be entered by separate order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 15th day of March, 2019.

_____
KENNETH A. MARRA
United States District Judge