UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80572-CV-MARRA

MICHAEL IBEZIM,

              Plaintiff,

vs.

GEO GROUP, INC., a Florida corporation,

              Defendant.

                                          /

## ORDER ON EMERGENCY MOTION TO VACATE WRIT OF GARNISHMENT

THIS CAUSE is before the Court upon Plaintiff's Emergency Motion to Vacate Writ of Garnishment **[DE 65]**.   This Court having reviewed the pertinent portions of the record and being duly advised in the premises, it is hereby

ORDERED and ADJUDGED as follows:

Judgment was entered against Plaintiff on March 15, 2019 in the amount of $6,577.11. [DE 59].   The judgment provided "FOR WHICH LET EXECUTION NOW ISSUE." *Id.* at 2. Pursuant to that judgment, Defendant sought the issuance of a writ of garnishment. [DE 60].   Based on the judgment which authorized execution immediately, the Clerk issued the writ. [DE 61].

After issuance of the writ, Plaintiff timely filed a notice of appeal of the judgment entered against him. [DE 62].   Based on the notice of appeal, Plaintiff now seeks an emergency order vacating the issuance of the writ of garnishment.   It appears that Plaintiff is contending that the filing of the timely notice of appeal prevents Defendant from executing on the judgment.   Plaintiff is incorrect in his contention.

Rule 62 of the Federal Rules of Civil Procedure provides that execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, *unless the court orders otherwise."* (emphasis added).    This Court order that execution could proceed immediately.    Hence, there was no stay of execution in effect when Defendant sought the writ of garnishment.    If Plaintiff wants to stay execution on the judgment, he must post a bond or other security approved by the Court. Fed. R. Civ. P. 62(b).[1]

In view of the foregoing, Plaintiff's Emergency Motion to Vacate Writ of Garnishment is DENIED.    If Plaintiff wishes to prevent execution on the judgment, he may post a bond in the amount of 110% of the judgment. *See* Local Rule 62.1 of the Southern District of Florida.

DONE and ORDERED in West Palm Beach, Florida, this 11th day of April, 2019.

KENNETH A. MARRA
United States District Judge

Copies provided to:

All counsel

---

[1] Even if the Court did not allow immediate execution on the judgment, absent the posting of a bond, the stay would have only been in effect for 30 days and Defendant would have been free to execute on it after the 30 days notwithstanding the filing of a notice of appeal. *Acevedo-Garcia v. Vera-Monroig*, 368 F.3d 49, 58 (1st Cir. 2004)("The federal rules contemplate that, absent a stay, a victorious plaintiff may execute on the judgment even while an appeal of that judgment is pending.").